Angelo Fusaro, et ux.
vs.
Francesco Varrecchione, et ux.

Eq. No. 259

February 14, 1928

SUMNER, J. Complainants have brought their suit in equity, alleging that they are entitled to pass over a certain lane, laid out as Barnes Court, and that the respondents have obstructed said Court by building a wall and erecting a garage on it.

At the conclusion of the complainants' case, the respondents moved to dismiss the bill on the ground that the complainants had established no cause for relief.

A chronological review of the evidence shows the following:

(1) The original Grand View Plat was recorded in 1883, on which plat no court was laid out:

(2) On January 10, 1885, Albert K. Barnes and his wife conveyed to Luke Carvel inter alia so much of lot No. 20 on the Grand View Plat as was bounded northerly and westerly by a stone wall with a right of way 25 feet wide extending easterly from the northerly side of said conveyed premises to Mason Avenue and beyond;

(3) In May, 1885, "Grand View Plat Amended" was made and in June was placed on record. This showed Barnes Court;

(4) In November, 1885, the "Highland Park Plat," so-called, was made and was recorded in December of that year;

(5) Albert K. Barnes conveyed to Joseph Richey, on December 12, 1885 (deed recorded in January, 1886), a tract of land containing 5 acres bounded on all sides by a stone wall, and referred to in the evidence as lot 18 on Assessors' Plat 37, also lot 7 on the Highland Park Plat. This is the land now owned by complainants and for which the right of way is claimed, viz.: Barnes Court;

(6) Albert K. Barnes conveyed to Mary Carvel May 11, 1891 (deed recorded July 1, 1891), lots 24 and 25 on the Amended Grand View Plat, and in this deed reserved a right of way through Barnes Court or lane on the aforesaid plat for the use of Joseph Richey, his heirs and assigns, to travel and drive over, with a provision relative to the maintaining and keeping shut the gates at each end of the court.

It appears in the evidence, and is also established by an examination of the plats, that at the time of the conveyance of this land to Richey, including lot 7, it had no outlet on to any street or highway. Accordingly, it would be fair to assume that when Barnes conveyed this parcel to Richey in December, 1885, and bounded it easterly on Grand View Plat, he had in mind the Amended Grand View Plat delineating Barnes Court, which had been recorded a few months previously, and so when Barnes made the deed to Mary Carvel in 1891 of two lots on the north side of Barnes Court, he naturally enough reserved a right of way through Barnes Court for the use of Joseph Richey, who owned the 5-acre tract at the western end of this court.

There is no specific testimony as to the actual use of this Court till 1910, two years prior to the conveyance of this land to the complainants, at which time it was apparently used by complainants' immediate predecessor in title, one Trudeau, to drive his cow and team over. However, Barnes having apparently shown his intention of making this outlet by his Amended Grand View Plat of 1885, by his reference to a right of way corresponding with this court in the Luke Carvel deed of the same year, and his specific reservation of it in the Mary Carvel deed of 1891, it does not seem unreasonable to conclude, in connection with the testimony of Nicholas Pusaro and others, that this court was used as a right of way by Richey and his successors in title down to the time of its obstruction by the respondents in 1914.

Respondents, in their motion to dismiss, claim that the reservation in the deed to Mary Carvel was to a stranger and hence invalid as a reservation, that there was no right of way granted in the deed to Richey and none shown to have existed before the Mary Carvel deed. They urge that there was no right of way by necessity and also that there was laches on the part of the complainants. The respondents in their answer made no reference to the question of laches, naturally complainants did not attempt to meet it. There is practically no testimony on that point and so the Court rejects it.

As to the right of way by necessity, the Court thinks that the conditions surrounding the transfer of the property to Richey in 1885 prevail rather than those in being at the time of the bringing of suit, and, as already stated, so far as appears by the plats offered in evidence and the testimony of the draftsmen and others, there was no available road through which access could be obtained to this lot 18 and lot 7 on Highland Park Plat deeded with it, except Barnes Court as delineated on the Amended Grand View Plat.

As to the claim that the reservation in the Mary Carvel deed was to a stranger, it has been held that although the word "reservation" may be used in a deed, still if it appears from the surrounding facts that the word "exception" is appropriate and applicable, the Court will so construe it, and in this case, considering the evidence as to the right of way spoken of in the deed to Luke Carvel, the Amended Grand View Plat showing Barnes Court and the deed following that to Richey, all these would seem clearly to show that in the Mary Carvel deed Barnes was excepting from his conveyance of lots 24 and 25 on that plat (which would ordinarily carry a fee to the center of Barnes Court) a right of way to Richey

which already existed and which Richey was utilizing.

The motion to dismiss the bill is accordingly denied.

For complainants: Quinn, Kernan & Quinn.

For respondents: De Pasquale & Turano.